UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARNEST CLARK,

    Plaintiff,

v.                                                             Case No. 8:13-CV-2006-T-27MAP

KENNETH TUCKER, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff, a State of Florida prisoner, filed a civil rights complaint *pro se* (Dkt. 1). He names as defendants: 1) Kenneth Tucker, the former Secretary of the Florida Department of Corrections; 2) several employees at Avon Park Correctional Institution: Warden Chapam, Assistant Warden Johnson, Captain Dexter, and "John Doe," Chief Mental Health Officer; and 3) "John Doe" Mental Health Director in Tallahassee, Florida.

### Standard of Review

Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless

of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

## Background

The complaint alleges that Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights were violated when he was placed in confinement for four weeks without any clothes "for speaking out in tongue of other languages and the anointing of Jesus Christ of the Holy Bible of the supernatural prophetic out of the Book of Acts Chapter 2: Verse 4." (Dkt. 1 at docket p. 9). As relief, Plaintiff seeks compensatory and punitive damages, a declaratory judgment that Defendant's "acts, policies, and practices" violated his constitutional rights, and an injunction prohibiting: 1) any "harassing, punishing or retaliating" by Defendants against either Plaintiff or any inmate who

provides an affidavit in support of Plaintiff's claims; and 2) Plaintiff's transfer to another institution without his consent (Id. at docket pp. 14-15).

## Discussion

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). If either element is missing, the complaint fails. In addition, for liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. *See Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

With the possible exception of the "John Doe" defendants, the complaint fails to allege any causal connection between Defendants' conduct and the alleged constitutional deprivations. Although the complaint alleges that Plaintiff prayed or spoke in tongues with Defendants Chapam, Johnson, and Dexter, it does not allege that these Defendants were involved in placing Plaintiff in confinement or otherwise burdened Plaintiff's free exercise of religion.[1] Moreover, to the extent the complaint implicitly alleges that Defendants had a policy or custom that was "the moving force of the constitutional violation," *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993)

---

[1] The First Amendment to the United States Constitution provides in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. Amend. I. Prisoners retain the First Amendment guarantee that no law shall proscribe the free exercise of religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

3

(quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)), the allegation is conclusory and lacks sufficient specificity to support a theory of supervisor liability against Defendants. *See Doe v. Sch. Bd.*, 604 F.3d 1248, 1267 (11th Cir. 2010). Therefore, the complaint fails to state a claim against Defendants Tucker, Chapam, Johnson, and Dexter in either their official or individual capacities.

Further, Plaintiff's request for compensatory and punitive damages must be dismissed. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[2] The complaint does not allege a physical injury. Therefore, Plaintiff is not entitled to seek recovery for mental or emotional injury.[3]

Likewise, Plaintiff's request for injunctive relief must be dismissed. Plaintiff requests an injunction prohibiting Defendants from either retaliating against him or transferring him to another institution. Under the Prison Litigation Reform Act, "a court 'shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.'" *Miller v. French*, 530 U.S. 327, 333 (2000) (quoting 18 U.S.C. § 3626(a)(1)(A) (1994 ed., Supp. IV)). In this case, no prospective relief is necessary as the complaint alleges only a single instance, in 2011, where Defendants allegedly "punished" Plaintiff for exercising his religion. Plaintiff does not allege current or ongoing violations by Defendants, or that Defendants are likely to interfere with the free exercise of his religion, transfer him, or retaliate against him in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (a plaintiff

---

[2]This limitation applies to constitutional claims brought in a civil action while an inmate is confined. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).

[3]Although "nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages," Plaintiff has not sought nominal damages. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

seeking injunctive relief must show a sufficient likelihood of future harm). Moreover, Plaintiff is no longer incarcerated at Avon Park Correctional Institution. A transfer of a prisoner from a particular institution will generally moot that prisoner's claims for injunctive relief against defendants at that institution. *See McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir.1984).

## Leave to Amend

Within thirty (30) days, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

Plaintiff must limit his allegations in his amended complaint to claims related to the same basic incident or issues as raised in his complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place Defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the

facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint (Dkt. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint by a prisoner. This case number should be written on the form.

3. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint, submitted on the court form, in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court shall, without further notice, dismiss this action.

**DONE and ORDERED** in Tampa, Florida, on October 11th, 2013.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: *Pro Se* Plaintiff

6